NATHAN A. CERVO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cervo v. Commissioner
Docket No. 8112-76.
United States Tax Court
T.C. Memo 1979-52; 1979 Tax Ct. Memo LEXIS 474; 38 T.C.M. (CCH) 215; T.C.M. (RIA) 79052; February 12, 1979, Filed; As Amended Nathan A. Cervo, pro se. Thomas E. Brew, Jr., for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Francis J. Cantrel pursuant to the provisions of section 7456(a), Internal Revenue Code of 1954, as amended, [1] and General Order *476 No. 6 of this Court, 69 T.C. XV. [2] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1974 in the amount of $ 1,593.72, plus an addition to the tax for negligence under section 6653(a) in the amount of $ 79.68. The issues for decision are whether petitioner is entitled to deductions for (1) dependency exemptions for his daughter and father under sections 151 and 152; (2) medical expenses under section 213; (3) a casualty loss under section 165(c)(3); (4) miscellaneous expenses (including employee business expenses) under sections 162 and 274; and (5) whether petitioner is entitled to compute his 1974 Federal income tax liability using rates applicable to a "head of household" under section 1(b); and (6) *477 whether petitioner is liable for the negligence penalty pursuant to section 6653(a). [3]
Petitioner resided at Cheney Avenue, RFD 1, Box 131, Peterborough, New Hampshire, on August 30, 1976, the date on which he filed his imperfect petition herein. Thereafter, on October 27, 1976, he filed an amended petition. It appears to the Court that petitioner, in his amended petition, has abandoned all of the adjustments determined in respondent's notice of deficiency except the miscellaneous deductions totalling $ 5,660. Although he appears to have raised therein an "office in home" issue, absolutely no proof was offered thereon at trial nor has respondent addressed that issue at any stage of this case. Respondent in his answer filed on December 15, 1976, seems to place at issue all of the beforenoted issues for decision. Petitioner filed his Federal income tax return *478 for the taxable year 1974 with the office of the Director of the Andover Service Center at Andover, Massachusetts. During that year he was employed as a faculty member at Franklin Pierce College, Rindge, New Hampshire. Petitioner was divorced in 1972. He and his former wife Susan, had a daughter by their marriage, Amy, who was born in 1967 and placed in Susan's custody at the time of the divorce. On his 1974 return petitioner claimed the following deductions: Dependency exemption - daughter $ 750.00
Dependency exemption - father
750.00
Casualty loss
285.00
Medical expense
230.67
Miscellaneous [4]
5,660.00
$ 7,675.67
Respondent disallowed the claimed deductions set forth above as petitioner neither proved his entitlement thereto nor substantiated them. Moreover, respondent determined *479 that petitioner was not entitled to compute his tax on rates applicable to a "head of household" and that petitioner was liable for the addition to the tax under section 6653(a). It is well established that determinations made by respondent in his notice of deficiency are presumed correct. The burden is on petitioner to show that those determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. At trial the Court explained in detail to petitioner that it could not find for him on the disputed issues or any part thereof unless he produced evidence showing his entitlement thereto and substantiated them. Notwithstanding, petitioner produced no probative evidence on any disputed issue. [5] Thus, we are left with a record, insofar as petitioner is concerned, that is totally deficient and must, therefore, sustain respondent's determination with respect to issues (1) through (5), supra.
*480 Since the burden of proof with respect to issue (6), supra, is likewise upon petitioner and he has produced no evidence to remotely indicate that the negligence penalty should not be imposed, we sustain respondent's determination with respect to that issue. [6] See Bixby v. Commissioner,58 T.C. 757 (1972). Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to General Order No. 6 dated March 8, 1978, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
3. Since the balance of the itemized deductions claimed by petitioner ($ 1,107.14) totalled less than the standard deduction allowed under section 141, respondent in disallowing these deductions has allowed petitioner the standard deduction in recomputing his tax liability at the rate allowed for single taxpayers.↩
4. The disputed miscellaneous deductions were described as follows: ↩
Profession-related travel (Europe - three months,
USA museums)
$ 4,260.00
Home office, supplies, book (professional),
transcripts, typing costs, etc.
975.00
Conventions, membership dues, subscriptions, literary
agent fees (Scott Meredith, N.Y.C. - $ 200.00)
425.00
$ 5,660.00
5. We observe that this case was first calendered for trial at Boston, Massachusetts, on September 12, 1977. Petitioner, by motion, requested a one-year continuance in order to gather 'supportive evidence' to substantiate the disputed adjustments, particularly the expenses claimed for travel to Europe. The motion was granted in that the case was continued for trial at Concord, New Hampshire, on October 11, 1977. On that date a motion for continuance was filed on petitioner's behalf, which was granted and the case was continued generally for trial in due course. When the case was again calendared for trial at Concord on October 20, 1978, petitioner appeared and, as stated in this Opinion, produced no evidence. If the record seems sparce in its facts, there are no other substantive facts in it. ↩
6. During the trail, after the Court has repeatedly advised petitioner that he had the burden of proof as to each issue in dispute, petitioner stated ' * * * I see the validity of respondent's claim generally.' Near the conclusion of the trial he advised ' * * * I'm prepared to pay full amounts. Except -- not prepared right now, but I'm prepared to be billed for it.
Decision will be entered for the respondent.↩